UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN CRAIG FLANDERS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-06959 |
| GREAT LAKES SPECIALTY FINANCE, INC., d/b/a CHECK 'N GO, d/b/a AXCESS FINANCIAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes BRYAN CRAIG FLANDERS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GREAT LAKES SPECIALTY FINANCE, INC., d/b/a CHECK 'N GO, d/b/a AXCESS FINANCIAL ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 36 year-old natural person residing at 3108 North Kolmar Avenue, Unit 3, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a payday lending institution organized under the laws of the state of Ohio with its headquarters located in Cincinnati, Ohio. Defendant's registered agent is C T Corporation System with a registered address of 208 South LaSalle Street, Suite 814, Chicago, Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately July 2017, Plaintiff began receiving calls from Defendant to his cellular phone, (310) XXX-8984.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8984. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (877) 793-2265 when placing calls to Plaintiff's phone, but upon information and belief, Defendant may have used other numbers to contact Plaintiff.

12. Upon information and belief, the above-referenced phone number ending in 2265 is regularly utilized by Defendant during its debt collection activities.

13. Upon answering calls from Defendant, Plaintiff has experienced silence lasting three to five seconds in length and has had to say "hello" several times before a live representative would get on the phone.

14. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect on a loan extended to Plaintiff.

15. In response, Plaintiff demanded that Defendant stop calling him.

16. Plaintiff has reiterated his demands on subsequent phone calls from Defendant, but despite his efforts, Defendant continued to regularly call his cellular phone up until the date of the filing of this action.

17. Even after being told to stop, Defendant has called Plaintiff's cellular phone multiple times during the same day.

18. For instance, on both August 23, 2017 and August 31, 2017, Defendant placed at least 3 different phone calls to Plaintiff's phone.

19. Plaintiff has received not less than 30 phone calls from Defendant since demanding that it stop calling him.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in costs and expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $55.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Upon information and belief the period of silence lasting several seconds in length Plaintiff experiences on answered calls from Defendant is instructive that Defendant is using an ATDS to place calls to Plaintiff's cellular telephone. Additionally, the nature and frequency of Defendant's contacts, including the multiple calls placed in short succession on several different days, points to the involvement of an ATDS.

27. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that it cease contacting him.

28. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

29. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRYAN CRAIG FLANDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

32. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

33. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or

5

> omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

34. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Defendant ignored Plaintiff's requests and continued to systematically place calls to his cellular phone without his consent. By doing so, Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. By placing such voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

35. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to an unfair practice.

36. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

38. As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on his cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate

because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff repeatedly told Defendant to stop its harassing phone calls, yet he still received not less than 30 phone calls after demanding the contacts cease. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, BRYAN CRAIG FLANDERS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 27, 2017                              Respectfully submitted,

s/ Nathan C. Volheim                                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Northern District of Illinois          Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                     2500 South Highland Ave, Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com